United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 05-61042
Summary Calendar**

**PRINCE AHADZIE DANIELS,**

Petitioner,

versus

**ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL,**

Respondent.

**Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A90 893 761)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Prince Adhazie Daniels, a citizen and native of Ghana, has petitioned for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an order of removal. Pursuant to § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(2)(A)(i)(I), the Immigration and Naturalization Service (INS) initiated removal proceedings against Daniels based on his convictions for crimes involving moral turpitude.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daniels sought withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and under the Convention Against Torture (CAT), *see* 8 C.F.R. § 1208.16, based on alleged persecution in Ghana; Daniels claimed threats had been made against him due to his father's political views. The immigration judge (IJ) denied Daniels' request for withholding removal and ordered him removed to Ghana. The IJ's decision did not address specifically Daniel's CAT claim.

Daniels appealed to the BIA, again seeking withholding of removal under the INA and also asserting the IJ erred in failing to address his CAT claim. The BIA adopted and affirmed the IJ's decision and rejected Daniels' CAT claim, finding he "failed to allege facts which would indicate the applicability of this relief" and "failed to allege that he more likely than not would be tortured by, or with the acquiescence of, the government of Ghana".

Daniels contends he is entitled both to withholding of removal and to relief under CAT. The Government counters that this court lacks jurisdiction because Daniels' removal was predicated on his commission of crimes involving moral turpitude and does not present constitutional claims or questions of law.

Daniels admits that, pursuant to § 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), his removal order was based on his commission of crimes involving moral turpitude. Congress has restricted this court from reviewing such removal orders. 8 U.S.C.

§ 1252(a)(2)(C) (stating "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) ... of this title"); *see also Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004) (applying jurisdictional bar to claims under both the INA and CAT). Therefore, concerning Daniels' claim that the decisions of the IJ and BIA were not supported by substantial evidence, the petition is **DISMISSED IN PART** for lack of subject matter jurisdiction.

Daniels also asserts the BIA erred in failing to address the merits of his CAT claim. This court has jurisdiction to review this question of law. *See* 8 U.S.C. § 1252(a)(2)(D). Contrary to Daniels' argument, however, the BIA considered and rejected the CAT claim. Therefore, with respect to this contention, Daniels' petition is **DENIED IN PART**.

*DISMISSED IN PART; DENIED IN PART*